Carole C. HOWARD, Plaintiff,

v.

**NATIONAL EDUCATION ASSOCIATION OF NEW YORK and Hartford Life Insurance Company, Defendants.**

No. 94–CV–0214.

United States District Court, N.D. New York.

Dec. 21, 1995.

---

Feit, Schlenker Law Firm, Albany, New York (Dennis B. Schlenker, of counsel), for Plaintiff.

Aswad, Ingraham Law Firm, Binghamton, New York (William M. Thomas, of counsel), for Defendant National Education Association of New York.

Coughlin, Gerhart Law Firm, Binghamton, New York (Frank W. Miller, of counsel), for Defendant Hartford Life Insurance Company.

### MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. INTRODUCTION

**Plaintiff Carole C. Howard** originally filed this action in New York State Supreme Court, Broome County, but **defendants National Education Association of New York ("NEANY") and Hartford Life Insurance Company ("Hartford Life")** removed the case to this Court pursuant to 28 U.S.C. § 1441. Plaintiff seeks accidental death benefits under an insurance policy issued by Hartford Life on her husband, who died of a heart attack. Hartford Life now moves for dismissal of the Complaint or, in the alternative, for summary judgment.

## II. BACKGROUND

Richard C. Howard, plaintiff's deceased husband, was an employee of defendant NEANY. He was also a member of the Staff Organization of New York Educators ("SONYE"), the recognized collective bargaining unit for employees of NEANY. Pursuant to a collective bargaining agreement between NEANY and SONYE, NEANY provided Mr. Howard with life insurance, accidental death and dismemberment insurance, and common carrier coverage at no cost. Plaintiff is the beneficiary of the insurance policy issued by defendant Hartford Life upon Mr. Howard.

On or about September 23, 1990, Mr. Howard died suddenly as the result of a heart attack. Some evidence indicates that he may have been the victim of heart disease, and other evidence suggests that job-related stress may have been a factor. In a litigated workers' compensation proceeding, an administrative law judge ("ALJ") determined that the heart attack occurred in the course of employment because it was related to job stress. Plaintiff consequently believes that she is entitled to be paid the accidental death insurance benefit enumerated in her husband's policy, equivalent to three times Mr. Howard's basic annual earnings.

Plaintiff filed her claim for such benefit with Hartford Life, but the company denied payment on the claim.[1] Defendant's proffered reason for the denial was that Mr. Howard actually died from heart disease rather than an "accident," and the policy in question only related to accidental deaths. Plaintiff thereafter commenced legal action against defendants in New York State Supreme Court, Broome County, seeking payment of the accidental death benefits that were denied by Hartford Life. After plain-

---

1. Hartford Life did pay $192,000.00 to plaintiff as a death benefit under the policy.

tiff commenced her suit, defendants filed a Notice of Removal with this Court and successfully opposed plaintiff's motion for remand.

Defendant Hartford Life now moves for dismissal of the Complaint pursuant to Fed. R.Civ.P. 12(b)(6) or for summary judgment pursuant to Fed.R.Civ.P. 56. Hartford Life contends that its denial of benefits should be subject to an "arbitrary and capricious" standard of review. Under that standard, the company reasonably could have determined that plaintiff's husband died from natural, rather than accidental, causes. Plaintiff counters that the Court should review the case *de novo*, with no deference to the determinations of Hartford Life. Plaintiff also argues that a genuine issue of material fact exists in regard to the causes of her husband's death. As a result, from plaintiff's perspective, dismissal and summary judgment should be denied.

## III. DISCUSSION

### A. RULE 12(b)(6) MOTION BY DEFENDANT

On a motion to dismiss, the facts alleged by plaintiff are assumed to be true and must be liberally construed in the light most favorable to plaintiff. *Easton v. Sundram*, 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). The Court's inquiry merely is directed to whether plaintiff's allegations constitute a statement of claim under Fed.R.Civ.P. 8, which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). After reviewing the complaint, the Court finds that plaintiff could in fact prove a set of facts that would entitle her to relief. *See, e.g., Guisti v. General Elec. Co.*, 733 F.Supp. 141 (N.D.N.Y.1990). As a result, defendant Hartford Life's motion for dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) is DENIED and the Court will focus on defendant's motion for summary judgment.

### B. RULE 56(c) MOTION BY DEFENDANT

Pursuant to Fed.R.Civ.P. 56(c), a trial judge may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of informing the Court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are material to the outcome of a particular case. *See Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. In determining whether summary judgment is appropriate, the Court must resolve all ambiguities, and draw all reasonable inferences, against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

If the moving party satisfies its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must do more than simply show "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355. Only when the Court finds it apparent that no rational finder of fact could find in favor of the non-moving party because the evidence to support its case is so slight should summary judgment be granted. *Gallo v. Prudential Residential. Servs., Ltd.*, 22 F.3d 1219, 1223 (2d Cir.1994).

#### 1. Standard of Review

The Court believes that issues nearly identical to these were adjudicated in this District in the *Guisti* case, 733 F.Supp. 141. There, as here, the widow of an employee insured under an accidental death policy filed an action to recover accidental death benefits in state court, and the employer and insurer removed the action to federal court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Also like this case, the plaintiff's husband in

*Guisti* had died of heart failure, and the determination that he died from heart disease rather than an "accident" led to the denial of benefits by the insurance company. The court eventually held that the decision to deny benefits was subject to *de novo* review and, furthermore, that material issues of fact existed that precluded summary judgment for defendants.

Writing in *Guisti*, then-Chief Judge McCurn succinctly summarized the legal rules applicable to this type of case. On the standard of review issue, the Supreme Court has held that the *de novo* standard should be employed "unless the plan or policy *expressly* gives the administrator 'the power to construe uncertain terms or [provides] that eligibility determinations are to be given deference.'" 733 F.Supp. at 146 (quoting *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989)). When the administrator is given such discretion "*by the instrument* under which [it acts] . . . the [administrator's] interpretation will not be disturbed if reasonable." [2] *Guisti*, 733 F.Supp. at 146 (emphasis in original).

Defendant Hartford Life cites several sections of the policy in question as evidence that the company did in fact have discretionary authority sufficient for deference. (*See* Def.'s Mem.Supp.Summ.J. at 4–6.) After reviewing the document, however, the Court finds that none of the language noted by defendant gives the company a clear and unequivocal grant of discretion. As in *Guisti*, terms such as "discretion", "deference", or "power to interpret" are not found in the policy. Defendant is correct that the absence of such terms is not conclusive, *see Zisel v. Prudential Ins. Co. of America*, 845

F.Supp. 949, 950 (E.D.N.Y.1994), but the Court finds that taken as a whole, the language of the policy simply does not compare to the more express grants of discretion in cases where the "arbitrary and capricious" standard was applied.

For example, one of defendant's strongest arguments is that under the policy, only "when the required claim papers are received and *approved* by the Hartford, the Amount of Life Insurance on your life will be paid." (Def.'s Mem.Supp.Summ.J. at 4 (emphasis in original).) However, the Court initially notes that this language clearly applies to life insurance, but not as clearly to accidental death insurance. Notwithstanding that fact, the Court finds that even assuming the language does apply to accidental death insurance, it represents an even weaker basis for arguing that discretion is present than does the language in *Guisti*.[3] Defendant's other alleged sources for discretion [4] do not lead the Court to a different conclusion.

It is true that the Court "is adopting a fairly narrow view of when a grant of discretionary authority is to be found in an ERISA plan document." *Guisti*, 733 F.Supp. at 147. However,

> a narrow construction is necessary in a situation, such as the one presently before this court, where determinations on beneficiary claims under the ERISA plan are controlled by a corporation [that] can profit from a decision to deny benefits. . . . A narrow view of when a plan document confers discretionary authority is needed to check the potential for biased decisions on the part of ERISA plan administrators.

*Id.* As the payor under the insurance policy, defendant Hartford Life obviously profits from a decision to deny benefits. Of course,

---

**2.** In other words, the "arbitrary and capricious" standard of review would be appropriate.

**3.** The accidental death policy in *Guisti* stated that

The carrier will make all determinations with respect to the benefits under this Plan. Accordingly, the management and control of the operation and administration of claim procedures under the Plan, including the review and payment or denial of claims and the provision of full and fair review of the claim denial . . . shall be vested in the carrier.

733 F.Supp. at 146. This language, which was not considered sufficient for "arbitrary and capricious" review, is far more substantial than the relevant terms at issue here.

**4.** Defendant also points to (1) its power under the policy to make "a decision" when reviewing claims by parties who have been denied benefits, and (2) its alleged power to determine the eligibility of each claim on a case-by-case basis. (Def.'s Mem.Supp.Summ.J. at 5.)

the Court does not take a position on the issue of whether defendant actually was influenced by bias when it denied plaintiff's claim for benefits. On the contrary, the Court simply notes that the potential for bias represents a rationale for the applicable standard of review.

### 2. Application of Rule 56 Standards

■ After performing a *de novo* review of the record, the Court agrees with plaintiff that genuine questions of material fact exist in regard to whether her husband died from natural or accidental causes, thereby precluding summary judgment for defendant Hartford Life. Like the ALJ, a reasonable jury could find that the heart attack was a stress-related "accident" that arose out of and in the course of his employment. Even if Mr. Howard did suffer from heart disease, which is far from clear,[5] "a pre-existing infirmity or disease is not to be considered as a cause unless it substantially contributed to the disability or loss...." *Arthurs v. Metropolitan Life Ins. Co.*, 760 F.Supp. 1095, 1100 (S.D.N.Y.1991). Finally, the fact that the death certificate lists the cause of death as "natural" is not controlling. *See id.* at 1101.

### IV. CONCLUSION

Because the insurance policy in question did not expressly grant defendant Hartford Life sufficient discretion, a *de novo* standard of review is appropriate. Under that standard, the Court finds that genuine questions of material fact exist in regard to whether plaintiff's husband died of natural or accidental causes. Accordingly, defendant's motion for dismissal or summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

---

5. Plaintiff has submitted affidavits from two doctors who examined the deceased within a few months of his death and apparently found no evidence of long-standing heart disease. (*See* Pl.'s Mem.Opp.Summ.J. at 8.)